## CLAY vs. OLDHAM.

If part of the plaintiff's answer to interrogatories be stricken out, the defendant is not entitled to further time to except to what remains.

If a party be called on by an interrogatory to state whether he have a paper in his possession, and he answer in the affirmative, it is sufficient if he produce it on the trial, and the opposite party is not entitled to a continuance to examine it.

If the proceedings have been changed from the *juicio executivo* to the *juicio ordinario,*

APPEAL from the court of the first district

PORTER, J. delivered the opinion of the court. The proceedings in this case commenced by an application for an order of seizure and sale, on an authentic act, by which the defendant hypothecated a certain number of slaves to the plaintiff, to secure him against the payment of two drafts drawn by the defendant for the sum of $4000 each. The petition states that there is yet due the plaintiff the sum of $1400.

On this application the judge granted the usual order for seizing and selling the property mortgaged; but afterwards stayed it, on the defendant giving bond and security; and the answer being put in on oath denying the al-

legation contained in the petition, and averring that instead of the plaintiff having a cause of action, he stood indebted to the defendant in the sum of $1185, the parties proceeded in the investigation of their rights in the same manner as if the action had been commenced in the ordinary way.

Eas'n. District.
*Jan'y.* 1825.

CLAY
*vs.*
OLDHAM.

judgment may be given generally against the defendant.

The district judge gave judgment for the sum claimed in the petition, and ordered that the same should be satisfied by a sale of the mortgaged property. The defendant appealed.

The first question for our decision, is presented by a bill of exceptions taken to the decision of the judge *a quo* refusing the defendant a continuance. The application was made on the ground that an exception had been filed to the answers made by the plaintiff to interrogatories propounded him, and that no amended answer had been put in previous to the cause being called for trial; nor any decision pronounced by the court on the exceptions taken to the answers.

The reason upon which this application was made, and those of the court for refusing it, are both embodied in the bill of exceptions. The judge stated that the answers were sufficient in substance, and that the part of them

East'n. District.
Jan'y. 1825.

CLAY
vs.
OLDHAM.

which was libellous, or irrelevant should be struck out at once. The defendant insisted this made an amended answer, and that he was entitled to time in order to ascertain whether he should not except to it; and that no order had been made for another answer to be put in by the plaintiff,

Our statute regulating the practice in matters of this kind, is silent as to the time when the trial should take place, after exceptions have been filed, and adjudicated on as they were here. It provides, it is true, that if the first answer be overruled, the party answering shall have ten days to put in another; and in such case it would seem but just, that the same time should be allowed the opposite party to except to the second as the first, for there might be as good, and peradventure better reasons, for objecting to that which was only an amended answer in name, than there was to the one originally put in. But in this case the answer was not overruled as insufficient; on the contrary, the judge pronounced it to be sufficient. Further time to except to the same matter, which the court had already pronounced on, because the answer was amended by striking out of it what it contained more than was suffi-

cient; seems to us unnecessary, and could not have availed the party asking for it. The same objections could not regularly have been received a second time. There is an essential difference, according to our view of the subject, between that which is not sufficient and requires a further answer, and that which is defective by answering more than is sufficient. In the former, the party objecting is entitled to further time, because there is new matter to be examined. In the latter, he is not, because it is only that which he has seen which is expunged, and what remains has already passed under his examination.

The defendant by an interrogatory called on the plaintiff to state whether there had not been an agreement between them in writing, in relation to the transaction which gave rise to this suit, and if there were, to produce it. The plaintiff did so. But the defendant prayed for a continuance that he might have time to consider it. This application the court refused, and very properly. It was sufficient for the plaintiff to produce it on the trial, unless specially called on to bring it into court earlier. We cannot distinguish the demand made here, from the ordinary one of notice being given to

East'n. District.
Jan'y. 1825.

CLAY
vs.
OLDHAM.

East'n. District.
*Jan'y.* 1825.

CLAY
*vs.*
OLDHAM.

produce papers, in order to lay the foundation of proving their contents by parol testimony, if the party in whose possession they are, fails to exhibit them.

There are two other bills of exceptions. The first is to the judge permitting a letter to be read in evidence from the plaintiff to the defendant; and the second to the court's refusal to permit a letter of the defendant to be offered in proof. The grounds of adjudication were the same in both: namely—that they had been written with a view to a compromise. The judge thought the former had not that object in contemplation, and that the latter had; And with this opinion we perfectly concur.

The correctness of the judgment on the merits has been contested on two grounds. First, that there is not as much due, on a settlement of all accounts as the court below gave judgment for; and second, that if there be a balance, it is on matters distinct from the mortgaged debt on which the action was commenced, and therefore, the judgment of the court below, which directed that the hypothecated property should be seized and sold, is erroneous.

On the first point, we think there is the most satisfactory evidence that the sum for which

the court below gave judgment is fully due by the defendant. We shall therefore proceed to an examination of the second, which is the only matter in the cause that presents the least difficulty; and it is only of importance in ascertaining whether the decree of the court below, directing the execution against particular property be correct. For if it should be found erroneous in this particular, still judgment must go generally against the defendant, as the proceedings in this case have on his demand been changed from the *juicio executivo* to the *juicio ordinario. Febrero, p.* 2, *lib.* 3, *cap.* 2 § 2, *no.* 115, *Curia Philip, p.* 2, *juicio executivo, no.* 1.

The mortgage was originally given to secure the plaintiff against two acceptances for $4000 each. The defendant introduces an account current, dated April 1823, by which it appears that except the sum of $748 89 cents, the whole amount of these notes, was paid by the proceeds of the sale of negroes and monies in the hands of the petitioner, belonging to the defendant and one Knight.

Subsequent to the rendition of this account, however, one of the negroes who had been sold by the plaintiff, was returned on his hands.

CLAY
vs.
OLDHAM.

The price of this slave was $450, and for this sum also we think the plaintiff is entitled to have his judgment satisfied out of the mortgaged property; as he had already credited the defendant with the price in the account current, and this credit was one of the means of reducing the balance to $748 89 cents.

What the other items are by which the sum of $1400 is established as the amount due, we cannot satisfactorily ascertain from the evidence. The witness states that it is owing to various disbursements grown out of this transaction. But this transaction, we know, from accounts current introduced, embraces not only the sale of joint property for the purchase of which the drafts were accepted, but also the agency of the plaintiff for the defendant on his individual account. We must, however, except from this remark the sum due the physician. An account current, introduced by the defendant, which is dated some days after that already referred to, shews that this was an omission, and that the amount of it should have been added to the first account. For if the services were rendered to the individual property of the defendant, then there would have been less balance to carry to his credit from

his private account to the partnership. If they were bestowed on the latter, there can be no question as to the correctness of now admitting them as a change which will increase the sum due on the original transaction.

The amount due the physician, and omitted, appears to be $113; which, added to the two already mentioned, make $1,311 89 cents.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and proceeding to give such judgment as in our opinion, should have been rendered in the court below; it is ordered, adjudged and decreed that the plaintiff do recover of the defendant the sum of fourteen hundred dollars. And it is further ordered that the sheriff do proceed to sell the mortgaged slaves mentioned in the petition, to satisfy the sum of $1,311 89 cents, of the amount of the judgment, and also costs in the court of the first instance; and that the balance, $89 11 cents be made by execution, in due course of law. The appellee paying the costs of this appeal.

*Waggaman* for the plaintiff, *Pierce* for the defendant.